124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ramona LEE, on behalf of Zairie Lee, a minor, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-3613.
 United States Court of Appeals, Seventh Circuit.
 Argued April 23, 1997.
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 C 3326, No. 96-3613, Wayne R. Andersen, Judge.
 Before BAUER, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Ramona Lee sought Supplemental Security Income disability benefits on behalf of her daughter, Zairie. An Administrative Law Judge reviewed the evidence and determined that although Zairie had a learning disability and attention deficit disorder, she was not "disabled." Her mother sought review of the ALJ decision by the Social Security Appeals Council, but the Appeals Council declined to review the case. Her mother then appealed the ALJ decision to the district court. The district court, adopting a magistrate judge's report and recommendation, affirmed the ALJ decision. Her mother appealed again, and we too affirm.
 
 I. Background
 
 2
 On January 5, 1993, Ramona Lee filed an application for Supplemental Security Income ("SSI") disability benefits on behalf of her daughter, Zairie. The application alleged as the basis for disability benefits that Zairie had a learning disability. The Social Security Administration denied this application initially and on reconsideration, concluding in both instances that Zairie was not "disabled" as defined by the Social Security Act.
 
 
 3
 Having been denied benefits, Zairie requested a hearing. A hearing was held on May 2, 1994 before an Administrative Law Judge to determine whether Zairie was "disabled." At the hearing, both Ramona and Zairie, who at the time was in eighth grade, testified. Zairie also presented evidence dating back to October of 1992 which included school records and reports, and medical records. After listening to Zairie and her mother's testimony and reviewing the evidence presented, the ALJ determined that while Zairie had a learning disability and attention deficit disorder, her impairments were not severe enough to qualify her for SSI disability benefits.
 
 
 4
 On September 20, 1994, Zairie sought review of the ALJ's decision by the Appeals Council, and in doing so submitted additional evidence pertaining to her high school record. After considering the additional evidence, the Appeals Council concluded that no basis existed for reversing the ALJ's decision, thus making it the final decision of the Social Security Commissioner ("Commissioner").
 
 
 5
 Unhappy with the administrative decision, Zairie filed a complaint in federal court challenging the Commissioner's decision. The case was assigned to a magistrate judge who recommended that the district court affirm the ALJ's decision. Over Zairie's objections, the district court adopted the magistrate judge's report and recommendation, and affirmed the decision of the Commissioner denying Zairie SSI Benefits. Zairie appeals.
 
 
 6
 At the time that Zairie sought and was denied SSI benefits, the Social Security Act provided that "a child under the age of 18 is entitled to disability benefits if he suffers from a 'medically determinable physical or mental impairment of comparable severity' to one that would disable an adult." Quinones v. Chater, 117 F3d 29, 33 (2d Cir.1997).[1] The Commissioner has established a four-step procedure for determining whether a child's impairment is of "comparable severity." Id. (citing 20 C.F.R. § 416.924(b)):
 
 
 7
 The Commissioner first considers whether the child is engaged in "substantial gainful activity." If the child is not engaged in such activity, the Commissioner must determine whether the child has an impairment or combination of impairments that is "severe." If the child has a severe impairment, the Commissioner next considers whether the impairment "meets or equals in severity" any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. A determination that a child has a listed impairment that meets the durational requirements results in a finding of disability. If the child has an unlisted but "severe" impairment, the Commissioner moves to the fourth step and conducts an "individualized functional assessment" ("IFA") to determine whether the impairment would disable an adult.
 
 
 8
 Id. at 34.
 
 
 9
 In this case, the ALJ determined that Zairie was not engaged in substantial gainful employment, and was impaired, although the impairment did not "meet or equal" the severity of the impairments listed in the regulations. The ALJ then proceeded to the fourth step and conducted an IFA to determine whether Zairie's impairment would disable an adult. This required the ALJ to consider the effects of Zairie's impairment in six "domains of development or functioning ": cognition; communication; motor abilities; social abilities; personal/behavioral patterns; and concentration, persistence, and pace in task completion. 20 C.F.R. § 416.924d(c) & (b). "Under the IFA regulations, the Commissioner 'will generally find comparable severity' if a child of [Zairie's] age is impaired to a marked degree in one domain, and to a moderate degree in at least one other domain; or if she is impaired to a moderate degree in at least three of the six domains." Quinones, 117 F.3d at 34 (citing 20 C.F.R. I 416.924e(c)(2)(I) & (ii)).
 
 
 10
 The ALJ concluded that Zairie had moderate limitations in cognitive development, and less than moderate or no limitations in all other domains. Based on these conclusions, the ALJ denied her request for disability benefits. After the Appeals Council decided not to review the case, the ALJ's decision became the final decision for the Commissioner, which was affirmed by the district court.
 
 II. Analysis
 
 11
 On appeal, Zairie disputes the ALJ's conclusion that she did not have a moderate limitation in the social domain, the personal/behavioral domain, or the concentration domain. (A conclusion that Zairie had a moderate limitation in any two of the three domains would satisfy the regulation's rule of thumb that a disability is comparably severe if a child has a moderate impairment in three domains.) Zairie also argues that the Appeals Council erred in denying her request for review of the ALJ's decision.
 
 
 12
 We begin with the latter argument. The Social Security Administration regulations provide that an Appeals Council will review a case if the ALJ abused its discretion, made an error of law, or if the ALJ's conclusions are not supported by substantial evidence, or if the decision may affect general public interest. 20 C.F.R. § 404.970(a)(1)-(3). The regulations further provide that:
 
 
 13
 If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrate law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
 
 
 14
 20 C.F.R. § 404.970(a)(4)(b).
 
 
 15
 In this case, Zairie presented additional evidence to the Appeals Council, specifically records relating to her high school performance. After reviewing this evidence, the Appeals Council decided not to review the ALJ's decision denying Zairie benefits, concluding that the new evidence "[did] not provide a basis for changing the ALJ's decision." Zairie contends that the Appeals Council's refusal to review the ALJ's decision constituted a mistake of law which is reviewable by this court.
 
 
 16
 We recently rejected Zairie's position in Perkins v. Chater, 107 F.3d 1290 (7th Cir.1997). In Perkins, the Appeals Council had reviewed new evidence presented it, but concluded that the evidence did not warrant review of the ALJ's decision. Perkins appealed, claiming that the Appeals Council's failure to review the ALJ's decision was a mistake of law. This court disagreed, noting that while "[o]ur review of the question whether the Council made an error of law in applying this regulation is de novo, [i]n absence of any such error, however, the Council's decision whether to review is discretionary and unreviewable." Id. We then held in Perkins that where the Appeals Council considers the new evidence along with the rest of the record, and denies review because there is nothing before it that undermined the ALJ's earlier decision, "we will not review the Council's discretionary decision."
 
 
 17
 Likewise, in this case, the Appeals Council reviewed the additional evidence presented it, as well as the underlying record, but concluded that there was "no basis for changing the ALJ's decision." As in Perkins, "[w]e see no error as a matter of law in this method of proceeding, and thus ... we will not review the Council's discretionary decision."
 
 
 18
 This brings us back to Zairie's contention that the ALJ erred in concluding that she did not have a moderate impairment in the social, personal/behavioral or concentration domains. The ALJ's determination-as the final determination for the Commissioner-if supported by substantial evidence, is conclusive. In reviewing the AL's decision, "[w]e do not substitute our own judgment for that of the ALJ; we look only for 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Perkins, 107 F.3d at 1296 (quoting Diaz v. Chater, 55 F.3d 300, 305 (7th Cir.1995)). "In our substantial evidence determination we review the entire record; however, we do not ... reconsider[ ] facts, reweigh[ ] evidence, resolv[e] conflicts in evidence, or decid[e] questions of creditability." Brewer v. Chater, 103 F.3d 1384, 1390 (7th Cir.1997). Because "[o]ur review focuses not on whether [Zairie] is disabled but on whether the Commissioner's findings were supported by substantial evidence," id, Zairie faces a difficult hurdle, and one not cleared by many. See Perkins, 107 F.3d 1290 (noting that few challenges to ALJ decisions succeed because such decisions need only be supported by substantial evidence).
 
 A. Social Domain
 
 19
 Zairie first attacks the ALJ's determination that she was not moderately limited in the social domain. According to the Social Security regulations, a child has moderate limitations in social functioning if she has limited social functioning with peers and adults, with occasional serious conflicts with family, classmates, teachers and others. 20 C.F.R. § 416.924e. After reviewing all of the evidence and the testimony presented, the ALJ concluded that Zairie did not have a moderate limitation in social functioning. Substantial evidence supports this conclusion. Specifically, the ALJ relied on comments made by Zairie's 7th grade teacher that while Zairie was occasionally mildly aggressive with other students and the school staff, she generally got along well with others. The evidence also established that Zairie functioned socially with others through intramural sports and by her participation iii the drama club. Further evidence came from Dr. Kroin, a psychiatrist who had treated Zairie for a least a year. He reported that Zairie did not evidence impaired social functioning. A clinical psychologist also noted that Zairie was alert, cooperative and pleasant. While Ramona Lee, on behalf of her daughter, points to other evidence of limited social functioning and what her mother perceives as "serious conflicts with others," the ALJ considered that evidence and concluded otherwise. Because substantial evidence supports the ALJ's determination, it is conclusive.
 
 B. Personal/Behavioral Functioning
 
 20
 Ramona Lee also claims that Zairie has moderate impairment in personal/behavioral functioning. Social Security regulations provide guidance as to what constitutes a moderate limitation in personal and behavioral functioning, noting that for a person to have such a limitation he must be frequently unable to independently perform self-care and other age-appropriate activities. 20 C.F.R. § 416.924e(c)(2)(i). While recognizing that Zairie had some personal and behavioral problems, the ALJ concluded that other evidence indicated that Zairie performed in a manner commensurate with her age in many areas. Specifically, the ALJ noted:
 
 
 21
 The claimant appears to be age appropriate in many areas. Her activities are good and varied. She does chores around the house daily. Her mother reports the claimant can fix meals, take care of her hygiene with reminders, respect rules, and be aware of dangers. When the claimant's seventh grade teacher was asked about temper problems and unpredictable behavior, she said they occurred "just a little." When Dr. Morrison observed the claimant in a classroom, her attention and behavior were excellent throughout the evaluation. Again, Ramona Lee points to other evidence indicating that her daughter was frequently unable to adequately perform age-appropriate activities. The ALJ, after considering this evidence, rejected her argument, and because this decision is supported by substantial evidence, we will not overturn it.
 
 C. Concentration Domain
 
 22
 Finally, Ramona Lee argues that Zairie had moderate limitations in the concentration domain. Moderate limitations in concentration, according to the regulations, require a minor to "be frequently unable to complete age-appropriate complex tasks, and occasionally unable to perform age-appropriate tasks adequately. 20 C.F.R. § 416.924e(c)(2)(ii). The ALJ rejected Ramona's position that Zairie was moderately limited in this domain. This conclusion is likewise supported by substantial evidence, including statements from Zairie's teachers and doctors. And even though Zairie's mother can point to evidence that would support another conclusion, it is not our place to substitute our judgment for that of the ALJ.
 
 III. Conclusion
 
 23
 Ramona Lee on behalf of her daughter Zairie, argues that the AU erred in concluding that Zairie was not "disabled." Notwithstanding Ramona's arguments that the AU ignored or improperly rejected important evidence, our review of the ALJ's decision and the record leads us to conclude that the ALJ thoroughly evaluated the evidence and that substantial evidence supported its finding that Zairie was not disabled. We therefore AFFIRM.
 
 
 
 [1]
 Congress has since amended the Social Security Act to provide that: "An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." Quinones, 117 F.3d at 33 (quoting 42 U.S.C. § 1382c(a)(3)(C)(I) (West Supp.1997)). This "amended definition applies in all cases filed on or after, or finally adjudicated on or after August 22, 1996, the effective date." Jamerson v. Chater, 112 F.3d 1064, 1065 n. 1 (9th Cir.1997) (citing 42 U.S.C.A. § 1382c (West Supp.1996)). However, because the new definition of disability is more stringent than the old, and because "[a]ny case that would have been denied under the prior standard would also be denied under the new standard," SSA Emergency Teletype No. EM-96-131 § III(a)(5), we shall first consider whether Zairie's claim would have been denied under the statute in effect at the time that she requested benefits. See Janmerson, 112 F.3d at 1066 ("We shall proceed to determine whether the claimant was properly denied benefits under the old law.")